You may proceed when you're ready, Ms. Wilson. Thank you, Your Honor. May it please the court, my name is Roberta Wilson. I represent Ernesto Hernandez Cabanillas. I will reserve five minutes for rebuttal. This case involves 3408A2, specifically possession of narcotic drugs for sale, and the 95 listed items under the definition of narcotic drugs under 3401 section 20. It is my position that these two statutes are not divisible. And why do I say that? Because there are two Arizona State cases on point specifying that a jury can disagree on what the item was, however, still convict. For example, in Prescott in 2016, I acknowledge unpublished case. The defendant believed he was in possession of one of the listed items, and the state believed he was in possession of a separate item. And the court held it didn't matter, since they were both under the same heading. That case did involve 3407, dangerous drugs. However, the same analogy was presented in Castorino, a 2010 Arizona case specifically addressing 3408, the statute in this matter. In that case, the appellate court found that the trial court instructions had went beyond what was required by the statute by making the jury identify the specific drug. So in this matter, we have two Arizona cases that support the position that 3408A2 is a non-divisible statute. In addition, we have a jury instruction. I acknowledge it is not recognized by the Arizona Supreme Court, and so it does not have the same weight. However, it does provide us some guidance. And the Arizona jury instruction here does not have, as what was previously referenced in the drug paraphernalia statute, a blank line to identify the element, the specific drug. It just refers to the same 3401, section 20 statute that lists 95 different items that could be a narcotic drug under Arizona law. In support of my argument, Your Honors, 3408 has been before the Ninth Circuit on four separate occasions. And on all four of those occasions, the court has agreed that 3408 is not divisible. If there are no questions, I reserve the remainder of my time for rebuttal. Let me pose to you the same question that I put to counsel for petitioner in the previous case. Which is that, first, is there any doubt in this case what substance was involved? And second, is there any logic to the result that you wind up advocating for, given that there's really not much doubt about what substance was involved? Why is it that we should go through this exercise when it's pretty clear what we're really dealing with here, and it wasn't benzofentanyl, or whatever it's called, and the other substance? First, Renter, I agree. There is no dispute that the drug in this case involved cocaine. To the second matter, I believe it matters because there is a realistic probability that in Arizona someone could be convicted of one of those two chemical words that I know I will mispronounce. And so if the court was to find that if there's no dispute, it doesn't matter, to make that finding, you had to go behind the conviction to find the specific item. And I believe U.S. Supreme Court precedent negates that analysis. We must look first on the face. We cannot look at the facts, and then backtrack, and then confirm that it was, in fact, a removable offense. It's above our pay grade to change that case law. So I don't quarrel with the proposition that we are bound by the Supreme Court's case law. But I'm searching for some explanation for why we go through this exercise over and over again. As you've indicated, our courts face this question like three or four times already. And those cases have been resolved through unpublished dispositions. So we're back again. And we do this for each of the 50 states, and the seven districts or territories, and each of the variations in the criminal code. And after having lived with this problem for 18 years, I'm banging my head against the wall trying to figure out why. And so now I'm actually posing that question. And I'm interested in your answer. But I have to say, it seems like a pretty futile exercise we've been launched off on. And if you have something else you want to add, you can. Otherwise, I'll wind up putting to your colleagues across the aisle, what can the Justice Department do to get us out of this morass? Because even if we would rule in favor of, doesn't matter how we rule in this case, we get this case over, and over, and over again. And we're all going nuts because of it. So anyway, if you have anything you want to offer up, I'm happy to hear it. Otherwise, I feel like I'm a hamster running in a cage over, and over, and over again. Well, Your Honor, I have no guidance on current law. However, we cannot predict the future. And maybe the Arizona Supreme Court will answer this question definitively, similar to California. So then if the court once again had to address 3408, there would be a published Arizona Supreme Court specifying, is the identity of the drug an element, or is it not? And counsel, kind of off the wall question, do you know how much time your client actually served for the conviction here? Actually, in prison. Your Honor, I believe he received probation. OK. Thank you. Anything else? Thank you very much. You can reserve, OK? Good morning, Your Honors. May it please the court, my name is David Shore. And I represent the Attorney General of the United States. The immigration judge and the Board of Immigration Appeals in this matter found that Mr. Hernandez's conviction for possession of cocaine for sale qualifies as a conviction relating to a federally controlled substance, thereby subjecting him to removal. Because the Arizona schedule of narcotic drugs is divisible based on the identity of the substance at issue in the case, the court should dismiss this petition for review. So looking first at the statute, Arizona Revised Statute 13340882, a person shall not knowingly possess a, a singular that is, narcotic drug for sale. Narcotic drug is, of course, in turn defined by a disjunctive, finite list of all possible alternatives. So to obtain a conviction, a state must proffer evidence of a narcotic drug, that is, a specific substance. This statutory scheme is just like California's, which this court looked at in Martinez-Lopez and found divisible. And I don't want to belabor this point too much, as my colleague also emphasized it. But also like California, the state of Arizona treats the simultaneous possession of multiple narcotic drugs, or even dangerous drugs, as separate crimes. The case law shows that the state routinely charges multiple possession crimes for the same conduct when multiple drugs are involved. And that means that each possession  If the identity of the drug is not an element, and simply a means of committing one single crime, the state would run afoul of double jeopardy if it charges, convicts, and sentences a defendant for the simultaneous possession of multiple drugs. Counsel, I know in your brief you distinguish, or you try to distinguish, the Arizona Court of Appeals Castorina case. And I mean, I'm reading what the court said there. Neither our statutes nor the case law require the state to prove the defendant knew which particular drug defined under our laws as a dangerous drug he knew he possessed. And you've argued in your brief that because that case only goes to the defendant's knowledge requirement, that it's not applicable to the divisibility analysis. Yes, sir. I'm not sure I understand that argument. So why don't you try to explain to me why it's not relevant to our analysis that under Arizona law, it doesn't matter whether the defendant knew he possessed heroin, or cocaine, or the unpronounceable other drug that Judge Clifton mentioned, and yet can still be convicted. Sure. So what we're talking about, to trigger the removal provision, a crime relating to a federally controlled substance. So here, in the two unpublished cases, which are really the entire basis for the petitioner's argument, Prescott and Castorina, what the court was addressing was only the knowledge requirement. That is, the state had proven beyond a reasonable doubt in both of those cases what the specific substances were. Those cases really stand for the proposition that it's not a defense to say, I thought I had a different drug than the one I actually had. That's really all the cases stand for. To the extent the court used imprecise language in describing that holding, it's dicta. Because in Prescott, where the substance was methamphetamine, and the defense was, oh, I thought it was MDMA. You can't convict me. There was not an unanimous jury verdict. The court in that case said, quote, no reasonable jury could conclude the subject offenses did not involve methamphetamine. So the identity of the narcotic methamphetamine was proven beyond a reasonable doubt. Likewise, in Castorina, there was no dispute what the substance was. It had been proven what was in the pill bottle. The defense was, I didn't know precisely what the substances were. So again, we're only talking about the knowledge requirement. And so these convictions do relate to federally controlled substances, because in both instances, the substance was proven beyond a reasonable doubt. You have to prove that it was a narcotic drug, a drug on the Arizona list. And I don't know how you could do that without proving what it was. But that doesn't necessarily mean that which of the many items on the list mattered. It could have been cocaine. It could have been heroin. There's a potential argument with regard to methamphetamine that we touched upon in the last argument. So maybe it's a little different, but I'm not sure, at least for the paraphernalia case, but I'm not sure that we can say that when Prescott says it doesn't matter if it was known which drug, as long as it's established it's a narcotic drug, I don't know what in Arizona law supports the proposition that it really does matter under Arizona law that it was cocaine instead of heroin, because the end result is the same for both. Oh, I've got two responses to that, Your Honor. The first being that there wouldn't be two simultaneous convictions if it didn't matter what the identity was. It would be a singular offense. But second, if we look at the jury instructions, the defendant knowingly possessed a narcotic drug. The substance was, in fact, a narcotic drug. So that first point is really about knowledge. The second point is about proof of a specific substance, or else, again, the offenses would merge. And Arizona would be routinely running a foul of double jeopardy. Counsel, your colleague said that in response to one of Judge Clifton's questions that perhaps at some point the meaning, and I may be paraphrasing her a little bit inaccurately, that at some point the exact meaning of this statute could be confirmed by the Arizona Supreme Court. Is there a mechanism in this case where we could ask? Well, this court certainly has the authority to certify the question to the Arizona State Supreme Court. I'm not able to state at this point the government's position on that.  But the court certainly does have that authority. I do want to address the case that was the subject of a 20HA letter by the petitioner, Madriz Farfan. So that is the only case, an unpublished case by the Ninth Circuit, is the only one that addresses this argument regarding multiple simultaneous possession of different drugs resulting in more than one conviction. That case, first, conflicts with Martinez-Lopez, which relied heavily on that fact, that in California you get multiple convictions for the same conduct when there's multiple drugs. But second, it assumes routine constitutional violations by the Arizona courts. Arizona courts correct fundamental error, that is the appellate courts, whether or not that error was raised and a violation of double jeopardy is a fundamental error. And so each of the published Arizona cases cited in the respondent's brief, Villevincencio, Aikens, Diaz, that's Angel Diaz, Nightwine, Pacinas, Ceyas, Quinones, point to the identity of the substance as an element or prove of jury instructions to that effect. And so in addition, we've got the jury instructions themselves, which say a narcotic drug. But under the case law, once the state proves the identity of the substance, it is not required to show that a substance is also narcotic. So therefore, the state must necessarily proffer evidence of a specific narcotic drug. And then the peak under Martinez-Lopez at the conviction documents, just for the purpose of examining divisibility, the charging document, both of the charging documents, there's a complaint and an information. Identify and count one possession of cocaine for sale. It's significant that the charging document refers to one and only one substance. If the act of possessing multiple narcotic drugs is a single crime, then separately charging each would be multiplicitous. And on the flip side, listing a separate charge for each drug is consistent with the identity being an element. Otherwise, the charges would be duplicitous. And I also want to point out that Gonzalez-Dominguez, a panel of this court, found that the dangerous drug schedule, which is similar to the narcotic drug schedule, lists different substances, the panel in that case found that the peak established divisibility. And so given that the identity of the drug is an element, the immigration judge and the board correctly looked at the conviction documents just to assess what crime is the basis of the conviction. Here, we have the charging documents and the plea colloquy in which it specified that the substance was cocaine. Mr. Hernandez explicitly affirmed his attorney's representation that the substance tested positive for cocaine. He pled guilty to count one as amended. Any amendment appears consistent with a change to the threshold amount because he received probation and he could not have otherwise received that penalty. And the plea colloquy confirms that the amendment, of course, did not bear on the substance at issue. Unless there are any further questions, let me put to you the broader question. I've already acknowledged there are things above our pay grade and I know there are things above your pay grade, but are there any efforts being made by the department to get all of us out of this nightmare? You must suffer it more than we do, given the number of jurisdictions and the number of different statutes. It seems to me there are solutions available through legislation. And I know the department proposes legislation. There are resolutions possible by suggesting to certain states. I mean, look at the Arizona list. It's pretty clear that those two extra substances that put us all into this situation don't really have much practical effect. And they're probably the result of the temporary listing on the federal list some years ago. Is there anything you can either tell us about what the department has, what positions the department has taken, or efforts the department is making publicly, or hear from us that maybe when you go back to Washington, this is just another cry in the dark that there ought to be a way out of this nightmare for all of us? So the second thing you can't do much about, the first thing, is there anything being done to try to clarify the problem? I would say that's certainly above my pay grade. Yeah, I understand that. And I certainly share those concerns. And yeah, according to various reviews, I think this is, please don't quote me on this, but I think virtually the vast majority of the states aren't necessarily a one-to-one match. This is not a concession. The thing about Arizona is that the two substances may not even exist. I heard that argument before and so forth. We're not going down that road. But it strikes me as the Arizona problem might be cleaned up with communications between the department and the appropriate authorities in Arizona. The legislature can do what it wants to here and so forth. I understand that. But on both directions, either in working with states to see if there is consistency that's possible, or in working with Congress, such things as acknowledging state convictions as being felonies, so forth, that there ought to be practical solutions to this problem, which has plagued us for a long time. So to the extent that you can get back and call up to the people who are in the higher offices and the higher pay grades, might be worth a try. Absolutely. It's got to be even worse for you, given the number of cases and the nature of the cases you're dealing with. Heaven knows how many of these categorical approach cases you have to deal with in a year. But I'm sure the number is big. Yeah. Thank you very much. Thank you, Your Honors. And good luck fixing Washington, DC. When you're done with that, we can move on. Thank you. Your Honors, the purpose of my rebuttal is to specifically address this double jeopardy argument that is presented by the government. None of the cases cited by them support their position that multiple convictions under 3408 for multiple narcotic drugs is a violation of double jeopardy. Or that it isn't even allowed. None of those cases support that. And as an Arizona attorney, I find it disconcerting that Arizona jurists over a 30-year span would fail to see that there could be a double jeopardy issue, unless it is not a double jeopardy issue. Because it is the act that they're looking at, not the identity of the drug. And government counsel has not cited any case to support that position. They're asking the court to assume that it must be that way, because no double convictions have been overturned due to double jeopardy. What about the joint paraphernalia situation, where you have the same, was it a scale? I've now forgotten. The same object with two different drugs appearing to authorize two different convictions. I acknowledge my case doesn't involve 3415, but I would like to address that. 3415 specifies it has to be drug paraphernalia associated with a narcotic, a dangerous drug, marijuana, or peyote. So my response to Your Honor's question to previous counsel is, what item has to be listed on that line? It's narcotic, dangerous, marijuana, or peyote. Not the specific identity of the drug. Because 3415 refers to the exact same definitions under 3401 for narcotic, dangerous, and marijuana. So I believe that the 3415 argument is the same as the 3408. The specific drug they want identified, is it narcotic, dangerous, or marijuana, and refer to the list on those that could be any one of those. And the jury didn't have to agree, as long as it was one of those. If there's no other questions, I will rest. Thank you, counsel. Thank you both for your argument in this case. This matter is submitted.
judges: Clifton, Owens, Bennett